1  **Salar Atrizadeh, Esq. (SBN: 255659)**
   LAW OFFICES OF SALAR ATRIZADEH
2  9701 Wilshire Blvd., 10th Floor
   Beverly Hills, CA 90212
3  Telephone: 310-694-3034
   Facsimile:  310-694-3057
4  Email: salar@atrizadeh.com

5  Attorneys for Plaintiff
   PEJMAN DANAEI, d/b/a UKIFF, Inc., UKIFF Limited, UK
6  Iranian Film Festival, Iran Film Council, Iranianfilmcouncil.org,
   IMVBOX.com, and Iranianfilmcouncil.com

7

8              UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

| | |
|---|---|
| PEJMAN DANAEI, d/b/a UKIFF, INC., UKIFF LIMITED, UK IRANIAN FILM FESTIVAL, IRAN FILM COUNCIL, IRANIANFILMCOUNCIL.ORG, IMVBOX.COM, and IRANIANFILMCOUNCIL.COM,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>NOSRAT TAYEFEH ROSTAM, d/b/a Iranian Film Commission, MEHRAN KAZEMEINY, an individual, PROUD, LLC, PROUD HOLDING, LLC, and DOES 1 to 10, inclusive,<br><br>　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 101 ET SEQ.<br>2. UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §17200 ET SEQ.<br>3. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>4. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>5. UNJUST ENRICHMENT<br>6. MISREPRESENTATION IN VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT<br>7. DECLARATORY AND INJUNCTIVE RELIEF<br><br>[DEMAND FOR JURY TRIAL] |

**COMES NOW** Plaintiff, PEJMAN DANAEI, d/b/a UKIFF, Inc., UKIFF Limited, UK Iranian Film Festival, Iran Film Council, Iranianfilmcouncil.org, IMVBOX.com, and Iranianfilmcouncil.com (collectively "Plaintiff"), which by way of this verified Complaint alleges that:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 17 U.S.C. § 101 et seq., and/or 28 U.S.C. § 1331 et seq. in that the claims alleged herein arise under the laws of the United States of America and there is complete diversity between the parties. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims, and arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

2. The Court has jurisdiction over Plaintiff's action for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 et seq. and Rules 57 and 65 of the Federal Rules of Civil Procedure.

3. Venue is proper pursuant to 28 U.S.C. § 1391 et seq. because: (i) Defendants reside and/or conduct their business in this district; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (iii) a substantial part of property that is the subject of this action is situated in this district.

## THE PARTIES

4. Plaintiff is, and at all times mentioned herein is or was a resident in London, England and conducts his business therein.

5. Defendant Nosrat Tayefeh Rostam, DBA: Iranian Film Commission ("Rostam") is, and at all times mentioned herein is or was a resident in the State of California and conducts her business within this judicial district.

6. Defendant Mehran Kazemeiny ("Kazemeiny") is, and at all times mentioned herein is or was a resident within the State of California and conducts his business within this judicial district.

7. Defendant Proud, LLC ("Proud") is, and at all times mentioned herein was a limited liability company registered in Vancouver, Canada.

8. Defendant Proud Holding, LLC ("Proud Holding") is, and at all times mentioned herein was a limited liability company registered in the State of Colorado.

9. Plaintiff is informed and believes that Defendants Rostam and Kazemeiny, as agents of Defendants Proud and Proud Holding, acting in concert with each other, have at all relevant times been in the business of purchasing, selling, and/or distributing movies and videos. On information and belief, Defendants Proud and Proud Holding were the alter-egos of Defendants Rostam and Kazemeiny, who at all times were acting within the scope of such alter-ego relationship, and actively participated in, or subsequently ratified and adopted, or both, each and all acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

10. Defendants and Does 1 through 10, inclusive, are sometimes individually and/or collectively referred to as ("Defendants"). Plaintiff is ignorant of the true names and capacities of Defendants named in this action as Does 1 through 10, inclusive (collectively "Doe Defendants"), and they are therefore sued by such fictitious names. This Complaint will be amended to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that such fictitiously-named Defendants, and each of them, are responsible in some manner for the occurrences alleged, and that Plaintiff's damages were proximately caused by their conduct.

3

**COMPLAINT**

**GENERAL ALLEGATIONS**

11. This action arises from the conduct of Defendants, and each of them, identified hereinabove, who have engaged in activities constituting, *inter alia*, copyright infringement, unfair business practices, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, unjust enrichment, misrepresentation under the Digital Millennium Copyright Act, and related declaratory and injunctive relief.

12. Plaintiff is in the business of online distribution of film and new media properties throughout the world. Plaintiff operates IMVBox.com, which is the only legal online platform of Iranian Cinema. IMVBox's business model is based on video-on-demand with no download options. IMVBox has gone through extreme measures in order to prevent users to download movies from IMVBox.

13. Plaintiff has entered into written agreements with the original copyright owners to distribute copyrighted movies (collectively "Copyrighted Material") throughout the world using the world-wide-web or other channels.

14. The original copyright owners have granted Plaintiff the exclusive right, license, and privilege to distribute the Copyrighted Material in all digital formats.

15. Plaintiff has, and continues to distribute, the Copyrighted Material in digital formats using the world-wide-web or other channels.

16. As mentioned hereinabove, Defendants' business operations are located in Los Angeles, California. On information and belief, their network or database servers are located within this district.

17. On or about February 28, 2015, Defendants forged a document, under One International, LLC, and submitted it towards YouTube in order to prove they have exclusive rights,

granted by the Islamic Republic of Iran Broadcasting for ten years to publish upload, distribute, advertise, market, and/or sell the Copyrighted Material.

18. Defendants register many domain names, and in order to cover their tracks, they continue to switch between their domains names. Defendants use IranProud as their brand in order to upload, distribute, advertise, market, and/or sell the Copyrighted Material. Therefore, Defendants use IranProud to engage in piracy.

19. IranProud is a known piracy website. In fact, several organizations (e.g., Iranian Film Council, Microsoft Corporation, TheESA, MarkMonitor AntiPiracy, Marketly, LLC) have reported hundreds of infringing content and uniform source locators (i.e., URLs) from www.iranproud.com to Google, which has removed the content from its indices. See google.com/transparencyreport/removals/copyright/domains/iranproud.com.

20. IranProud uses www.facebook.com/IranproudFB as its social media platform to promote piracy on its website and drive traffic thereto.

21. Defendants use www.centurylink.com and www.centurylinkservices.net as their hosting company in order to connect their servers to the internet. Stated otherwise, the aforesaid websites assist Defendants in publishing pirated content on the web.

22. Defendants use www.jwplayer.com to stream movies without authorization. The aforesaid website enables Defendants to provide free public access to the Copyrighted Material, which has caused and continues to cause damages to Plaintiff.

23. Defendants use *Google AdSense* and *DoubleClick* to serve display banners and video advertisements. These tools are used to generate income from advertisements. So, these services allow Defendants to generate income from the pirated content.

24. Defendants have interfered with Plaintiff's operations by taking the Copyrighted Material without permission and distributing the Copyrighted Material on their own websites, which

5

---
**COMPLAINT**

include, but may not be limited to, www.iranproud.com and www.iranproud.net.

25. For example, the following movies are licensed to Plaintiff exclusively and are currently available on Defendants' websites without authorization:

1. http://www.iranproud.net/movies/comedy/ghandoone-jahizie
2. http://www.iranproud.net/movies/drama/mordan-be-vaghte-shahrivar
3. http://www.iranproud.net/movies/comedy/man-maradona-hastam
4. http://www.iranproud.net/movies/drama/ghesse-ha
5. http://www.iranproud.net/movies/drama/saadat-abad
6. http://www.iranproud.net/movies/drama/vaghty-hame-khab-boodand
7. http://www.iranproud.net/movies/drama/gilaneh
8. http://www.iranproud.net/movies/drama/tashkilat
9. http://www.iranproud.net/movies/drama/rose-zard
10. http://www.iranproud.net/movies/drama/4shanbeh-soori
11. http://www.iranproud.net/movies/drama/paberahneh-dar-behesht
12. http://www.iranproud.net/movies/drama/khabe-zemestani
13. http://www.iranproud.net/movies/drama/lotfan-mozahem-nashavid
14. http://www.iranproud.net/movies/drama/zane-dovom
15. http://www.iranproud.net/movies/drama/az-karkhe-ta-rhine
16. http://www.iranproud.net/movies/drama/zane-dovom
17. http://www.iranproud.net/movies/drama/fasle-baranhaye-mousemi
18. http://www.iranproud.net/movies/drama/shoorideh
19. http://www.iranproud.net/movies/drama/maslakhe-eshgh
20. http://www.iranproud.net/movies/drama/shifteh
21. http://www.iranproud.net/movies/drama/mizak
22. http://www.iranproud.net/movies/drama/anahita
23. http://www.iranproud.net/movies/drama/hamsar
24. http://www.iranproud.net/movies/drama/khoda-nazdik-ast
25. http://www.iranproud.net/movies/drama/bide-majnoon
26. http://www.iranproud.net/movies/drama/be-ahestegi
27. http://www.iranproud.net/movies/drama/gole-yakh
28. http://www.iranproud.net/movies/drama/trajedi
29. http://www.iranproud.net/movies/drama/bghe-ghermez
30. http://www.iranproud.net/movies/drama/baghe-ferdous-5-pm
31. http://www.iranproud.net/movies/comedy/mehman
32. http://www.iranproud.net/movies/comedy/havoo

26. On or about March 3, 2016, Defendants, by and through their agent, Defendant Rostam, submitted DMCA Takedown Notices (collectively "DMCA Takedown Notices") under Section 512(c) of the Digital Millennium Copyright Act towards several companies. These companies, include, but may not be limited to, Webfusion, Fastly.com, Google and Facebook. On information and belief, the aforesaid companies assist Plaintiff in sharing,

uploading, distributing, advertising, marketing, and/or selling the Copyrighted Material.

27. Defendants have taken the Copyrighted Material without permission of the original copyright owners and/or Plaintiff. Defendants have distributed the Copyrighted Material without permission of the original copyright owners and/or Plaintiff.

28. Defendants have engaged in these activities in order to prevent Plaintiff from engaging in his business operations. Defendants have interfered with Plaintiff's business operations. As a result of their efforts to interfere with Plaintiff's business operations, Plaintiff has lost a substantial amount of subscribers who used to purchase the Copyrighted Material through Plaintiff.

29. In fact, Plaintiff's Facebook account, which yields over 30,000 followers, was shut down as a result of Defendants' false claims. Plaintiff's network servers were recently shut down by Webfusion and Fastly.com resulting in website shut down for over ninety hours, and a massive database loss of 70% after the website recovery. Defendants' activities caused event cancellations as a result of the Facebook account shut down, which has caused significant financial loss due to film, artist, and venue cancellations. Furthermore, Plaintiff was required to hire technical staff in order to recover from the website shut down, massive database loss, and related complications.

30. Defendants are directly connected to the largest Iranian piracy website, which has been operating for several years. In fact, Defendant Rostam is part of this larger group, which pirates Iranian movies, as well as, running a telecommunication company, which is largely advertised by the piracy website.

31. Defendant Rostam is acting on behalf of Defendants to submit false claims against Plaintiff. In fact, Defendant Rostam's false claims are due to Plaintiff's anti-piracy efforts against Defendants.

**COMPLAINT**

32. On information and belief, Anjoman Food, Ltd. and Gandhi Exchange, Ltd., sponsor and/or provide financial assistance to Defendants in order to continue their business operations. Their websites are www.anjomanfood.com and www.gandhiexchange.co.uk, respectively.

33. Based on the foregoing, an actual controversy has arisen, and now exists, between Plaintiff and Defendants concerning their respective rights and duties. As such, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties pursuant to applicable laws.

## FIRST CAUSE OF ACTION
### Copyright Infringement Pursuant To 17 U.S.C. § 101 Et Seq.
### (Against All Defendants)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is, and at all relevant times has been, the copyright licensee, under the United States copyright laws, with respect to the Copyrighted Material.

36. Plaintiff is, and at all relevant times has been, the copyright licensee, under the United States copyright laws, with respect to, including, but not limited to, movies of the Copyrighted Material.

37. On information and belief, Defendants, without the permission or consent of Plaintiff, have created, distributed, and marketed the Copyrighted Material without Plaintiff's authorization. In doing so, Defendants have violated Plaintiff's exclusive rights to the Copyrighted Material, and Defendants' actions constitute infringement of Plaintiff's copyrights.

38. On information and belief, the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to Plaintiff's rights.

39. As a result of Defendants' infringement of Plaintiff's copyrights, Plaintiff is entitled to actual and/or statutory damages pursuant to 17 U.S.C. § 504 for Defendants' infringement on Plaintiff's copyrights. Plaintiff is entitled to his attorney's fees and costs pursuant to 17 U.S.C. § 505.

40. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and ordering Defendants to destroy all materials or products made in violation of Plaintiff's exclusive rights.

## SECOND CAUSE OF ACTION
**Unfair Business Practices in Violation of Business & Professions Code § 17200 Et Seq.
(Against All Defendants)**

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff alleges that Defendants, knowingly engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code § 17200 et seq. Defendants engaged in these acts in a complete conscious and reckless disregard of Plaintiff's rights, even though Defendants were aware that their conduct was in violation of state and/or federal laws, including, but not limited to, Business and Professions Code § 17200 et seq.

43. In addition, the foregoing acts and conduct of Defendants, and each of them, constitute unfair trade practices, false advertising, and unfair competition under California Business and Professions Code § 17500 et seq.

44. Defendants and each of them, have engaged in unlawful, unfair and fraudulent business practices as described herein, including, but not limited to, deliberate breaches of the covenant of good faith and fair dealing, embezzlement, conversion, misappropriation of trade secrets, false promises, and misrepresentations.

45. Defendants' conduct significantly threatens and harms fair competition because Plaintiff will lose its market share, funds, investments, and/or profits. Plaintiff will have to spend significant time repairing business relations with those who were misled by Defendants.

46. Each of the acts alleged herein constitute unlawful, unfair, and fraudulent business practices as defined by under Business and Professions Code § 17200 et seq.

47. Defendants performed these acts to advance their own pecuniary interest and to injure Plaintiff.  As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Defendants have been unjustly enriched.  Defendants' unlawful, unfair, and fraudulent practices as described herein have caused great and irreparable injury to Plaintiff.

48. Plaintiff has no adequate remedy at law for the injuries currently being suffered and which it will further suffer if Defendants are permitted to continue these unlawful, unfair, and fraudulent practices in the absence of injunctive relief.

49. Defendants have engaged in, and continue to engage in, unlawful and unfair business practices contrary to Business and Professions Code § 17200 et seq.   As a direct and proximate result of Defendants' unfair business practices, Defendants have acquired, and continue to acquire, an unfair competitive and financial advantage to Plaintiff's detriment. Defendants' illegal conduct and unfair business practices are continuing, and injunctive relief pursuant to Business and Professions Code § 17203 is necessary to prevent and restrain future violations.

**COMPLAINT**

## THIRD CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage
### (Against All Defendants)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff, as the holder of exclusive rights in the Copyrighted Material, is entitled to benefit from the work, including, but not limited to, the right to sell and/or license the rights to the Copyrighted Material to others.

52. Plaintiff, as the holder of exclusive rights in the Copyrighted Material and the copyright owner with respect to, including, but not limited to, movies of the Copyrighted Material, had the reasonable expectation of prospective economic advantages that he would obtain through his right to sell and/or license the rights to the Copyrighted Material to others.

53. Defendants, without the permission or consent of Plaintiff, have created, distributed, and/or marketed the Copyrighted Material to the public.

54. The acts of Defendants were independently wrongful in that they have violated Plaintiff's exclusive rights to the Copyrighted Material, and constituted copyright infringement by knowingly creating, distributing, and/or marketing the Copyrighted Material to the public.

55. On information and belief, prior to engaging in the aforesaid conduct, Defendants were fully aware that Plaintiff owns exclusive rights to the Copyrighted Material, and Plaintiff was in an economic relationship with purchasers and/or subscribers of the Copyrighted Material. Moreover, Defendants were fully aware of Plaintiff's marketing and/or advertising opportunities, which were likely to result in economically-advantageous relationship containing the probability of future economic benefit to Plaintiff.

56. On information and belief, Defendants engaged in the conduct alleged hereinabove, with a deliberate intent to interfere with Plaintiff's economically-advantageous business

**COMPLAINT**

relationship with these purchasers and/or subscribers. Furthermore, Defendants engaged in the misconduct in order to make these relationships less financially lucrative for Plaintiff.

57. On information and belief, by knowingly creating, distributing, and/or marketing the Copyrighted Material, without Plaintiff's permission or consent, Plaintiff's economically-advantageous business relationship was actually disrupted.

58. On information and belief, Defendants engaged in the conduct alleged hereinabove, with a deliberate intent to interfere with Plaintiff's economically-advantageous business relationship and to take the benefits of such relationships for themselves.

59. Defendants' actions have damaged the market opportunity for Plaintiff's exploitation of the Copyrighted Material for, including, but not limited to, movies, rendering the work less valuable to others and diminishing the economic advantage to which Plaintiff is otherwise entitled.

60. As a direct and proximate result of Defendants' acts, as alleged hereinabove, Plaintiff was damaged for prospective economic advantages that he would obtain through his right to sell and/or license the rights to the Copyrighted Material to others, in an amount to be proven at trial.

61. Defendants' infringing conduct constitutes an intentional interference with the prospective economic advantage that Plaintiff would have otherwise enjoyed as the sole owner of the Copyrighted Material.

62. On information and belief, Defendants' wrongful acts are causing, and will continue to cause injury to Plaintiff, and that such injury will continue unless enjoined and restrained by this Court.

63. The acts of Defendants were purposeful and intentional and were engaged in for the purpose of depriving Plaintiff of his exclusive rights to the Copyrighted Material and

prospective economic advantages therefrom, or otherwise causing injury, and were despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of his rights. In fact, Defendants' acts were performed with oppression or malice, so as to justify an award of exemplary or punitive damages against such Defendants in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### Negligent Interference with Prospective Economic Advantage
### (Against All Defendants)

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65. On information and belief, prior to engaging in the aforementioned conduct, Defendants knew or should have known that Plaintiff owned exclusive rights to the Copyrighted Material, and Plaintiff was in an economic relationship with purchasers and/or subscribers of the Copyrighted Material. Moreover, Defendants were fully aware of Plaintiff's marketing and/or advertising opportunities, which were likely to result in economically-advantageous relationship containing the probability of future economic benefit to Plaintiff.

66. On information and belief, Defendants knew or should have known that Plaintiff's economically-advantageous business relationship would be disrupted if Defendants failed to act with reasonable care.

67. Even though Defendants knew or should have known that Plaintiff's economically-advantageous business relationship would be disrupted, Defendants interfered with Plaintiff's economically-advantageous business relationship with the purchasers and/or subscribers and made these relationships less financially lucrative for Plaintiff.

**COMPLAINT**

68. On information and belief, by knowingly creating, marketing, or distributing the Copyrighted Material without Plaintiff's permission or consent, Plaintiff's economically-advantageous business relationship was actually disrupted.

69. On information and belief, Defendants engaged in the conduct alleged hereinabove, with a deliberate intent to interfere with Plaintiff's economically-advantageous business relationship and to take the benefits of such relationships for themselves.

70. Defendants' actions have damaged the market opportunity for Plaintiff's exploitation of the Copyrighted Material for, including, but not limited to, movies of the Copyrighted Material, rendering the works less valuable to others and diminishing the economic advantage to which Plaintiff is otherwise entitled.

71. As a direct and proximate result of Defendants' acts as alleged herein, Plaintiff was damaged for prospective economic advantages that he would obtain through his right to sell and/or license the rights to the Copyrighted Material to others, in an amount to be proven at trial.

72. Defendants' infringing conduct constitutes a negligent interference with the prospective economic advantage that Plaintiff would have otherwise enjoyed as the sole owner of the Copyrighted Material.

73. On information and belief, Defendants' wrongful acts are causing and will continue to cause injury to Plaintiff, and that such injury will continue unless enjoined and restrained by this Court.

### FIFTH CAUSE OF ACTION
**Unjust Enrichment**
**(Against All Defendants)**

74. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

75. At least from 2013, through the present time, Defendants were and continue to be significantly enriched by receiving and/or infringing upon Plaintiff's market share, while Plaintiff expected compensation in return.

76. Defendants acknowledged, accepted, and benefited from infringing upon Plaintiff's market share as stated herein.  As such, it would be inequitable and/or unconscionable for Defendants to enjoy the benefit of Plaintiff's market share without paying for it.

77. Defendants have failed to remit the income and profits at Plaintiff's expense and economic detriment.

78. Stated otherwise, Defendants have received benefits and unjustly retained benefits from the Copyrighted Material at Plaintiff's expense.  In addition, Defendants were significantly enriched by interfering with Plaintiff's business operations and failing to properly obtain copyright licenses pursuant to state and/or federal laws.

79. It would be inequitable and unconscionable for Defendants to retain the profit, benefit, and other compensation they obtained from their fraudulent, deceptive, and misleading conduct alleged herein.

80. As such, Plaintiff seeks restitution from Defendants, and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct.

### SIXTH CAUSE OF ACTION
**Misrepresentation In Violation Of The Digital Millennium Copyright Act**
**(Against All Defendants)**

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 80 as though fully set forth herein.

82. On or about March 3, 2016, Defendants submitted their DMCA Takedown Notice, pursuant to 17 U.S.C. § 512(c), towards Webfusion and Fastly.com.

83. Furthermore, on or about March 15, 2016, Defendants submitted another DMCA Takedown Notice, pursuant to 17 U.S.C. § 512(c), towards Google and Facebook.

84. After receiving the DMCA Takedown Notices, the aforesaid entities disabled access to the Copyrighted Material in compliance with 17 U.S.C. § 512(c).

85. On or about March 15, 2016, the aforesaid entities notified Plaintiff that Defendants had filed the DMCA Takedown Notices pursuant to 17 U.S.C. § 512(c). On information and belief, the DMCA Takedown Notices contained all the elements required by the applicable laws, including, but not limited to, 17 U.S.C. § 512(c).

86. On or about March 28, 2016, Plaintiff submitted a DMCA Counter Notifications, pursuant to 17 U.S.C. § 512(g)(3), towards Webfusion, Fastly.com, Google, and Facebook. Therein, Plaintiff stated that he did not intend to violate the law or the above-listed companies' terms and conditions. Plaintiff enclosed a copy of his statement in compliance with 17 U.S.C. § 512(g)(3). Plaintiff also stated that he is willing to submit evidence that supports his contentions, if necessary.

87. As alleged hereinabove, Defendants do not yield a valid or enforceable right to any of the Copyrighted Material. In fact, they never held any rights towards the Copyrighted Material.

88. However, the DMCA Takedown Notices contain material misrepresentations. For example, the DMCA Takedown Notices state that Defendant Rostam is providing the notice "in good faith and with reasonable belief that [her rights] are being infringed." Therein, Defendant Rostam states: "[u]nder penalty of perjury, I certify that the information contained in the notification is both true and accurate, and I have the authority to act on behalf of the owner of the copyright(s) involved."

16

---

**COMPLAINT**

89. The DMCA Takedown Notices contain sentences which, taken together, constitute a false statement. Furthermore, the misrepresentations are false because, upon information and belief, Defendants neither created the Copyrighted Material, nor held the right to sell and/or license the rights to the Copyrighted Material to others.

90. Defendants' actions have caused and continue to cause harm towards Plaintiff. Defendants compete directly with Plaintiff in the marketplace for movies, thereby causing Plaintiff to lose sales. In fact, by and through their misconduct, Defendants divert consumers from Plaintiff's channels, which contain movies, thereby causing Plaintiff to lose sales.

91. Plaintiff receives a share of profits for selling or sharing the Copyrighted Material with purchasers and/or subscribers. Therefore, Plaintiff could have received significant profits, but for Defendants' misrepresentations.

**SEVENTH CAUSE OF ACTION**
**Declaratory and Injunctive Relief**
**(Against All Defendants)**

92. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 91 as though fully set forth herein.

93. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. As such, a judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties under the applicable laws.

94. Defendants' conduct as described herein, are continuing and have caused and are causing irreparable damages to Plaintiff. Unless Plaintiff obtains declaratory relief from this Honorable Court, and/or unless such conduct by Defendant is preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable damages, which will

necessitate the filing of multiple and/or successive lawsuits.  As such, Plaintiff is entitled to injunctive relief pursuant to the applicable laws.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For monetary damages, in excess of $75,000, or according to proof;
2. For compensatory, general, and money damages, past, present, and future in an amount to fully compensate Plaintiff within the jurisdictional limits of this court according to proof;
3. For punitive and exemplary damages, as appropriate, according to proof;
4. For attorney's fees and costs, as appropriate, according to proof;
5. For incidental and/or consequential damages, as appropriate, past, present, and future, according to proof;
6. For prejudgment and post-judgment interest;
7. For applicable statutory damages, past, present, and future, according to proof;
8. For applicable special damages, past, present, and future, according to proof;
9. For applicable economic damages, past, present, and future, according to proof;
10. For declaratory relief, and/or preliminary and permanent injunction prohibiting the conduct and activities alleged herein.  Furthermore, Plaintiff immediately and permanently seeks to enjoin Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from infringing Plaintiff's rights under the Copyright Act 17 U.S.C. § 502, including, without limitation, by using the internet, or any online media distribution system to reproduce (i.e., download), to distribute (i.e., upload) or make any portion of the Copyrighted Material available to the public, or to use any websites to make any reference to the Copyrighted Material.  Defendants shall destroy all copies of the

Copyrighted Material that Defendants have downloaded or transferred onto any physical medium or device in Defendants' possession, custody, or control, take down all online references to the Copyrighted Material in their knowledge, and destroy all products containing the Copyrighted Material pursuant to the applicable laws.

11. For such other and further relief as the Court deems just and equitable, and conforming to proof at the time of trial.

**DEMAND FOR JURY TRIAL:** Plaintiff hereby demands a trial by jury of his peers to the fullest extent allowed by law.

Dated: May 10, 2016               **LAW OFFICES OF SALAR ATRIZADEH**

By: /s/ Salar Atrizadeh
SALAR ATRIZADEH, ESQ.
Attorneys for Plaintiff
PEJMAN DANAEI, d/b/a UKIFF, Inc.,
UKIFF Limited, UK Iranian Film Festival,
Iran Film Council, Iranianfilmcouncil.org,
IMVBOX.com, and Iranianfilmcouncil.com

## **VERIFICATION**

I, PEJMAN DANAEI, the undersigned, certify and declare that I am the Plaintiff in this matter. I have read the foregoing Complaint, and know and understand its contents thereof. The matters stated herein, are true of my own knowledge and belief, except as to those matters alleged and/or stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on May 10, 2016, in Los Angeles, California.

PEJMAN DANAEI